IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00015-BNB

MICHAEL S. PARRINO,

    Plaintiff,

v.

WILLIAM J. FRITSCHE, III,
ROBERTA NIESLANIK, and
LINDY FROLICH,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 01 2010

GREGORY C. LANGHAM
                   CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Michael S. Parrino, is in the custody of the Colorado Department of Corrections and is currently incarcerated in the Limon Correctional Facility. He initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. He seeks injunctive and declaratory relief in addition to nominal and punitive damages.

The Court must construe the complaint liberally because Mr. Parrino is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed.

In the complaint, Mr. Parrino alleges that, after his conviction for aggravated robbery and other crimes in Larimer County District Court, he filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c), which the state court denied without a

hearing. Complaint at 3. He further alleges that on February 1, 2007, the Colorado Court of Appeals remanded his case to the trial court with orders to hold a hearing on Mr. Parrino's allegations of ineffective assistance of trial counsel. *Id.* In his first claim, Mr. Parrino asserts that his court-appointed postconviction counsel, Defendant William J. Fritsche, has failed to review and investigate his case in a timely manner, filed numerous frivolous motions in the state court, fraudulently billed the Alternative Defense Counsel, refused to find an expert witness and generally mishandled Mr. Parrino's postconviction motion. *Id.* at 5-7. He further alleges that a state court hearing on his postconviction motion is currently scheduled for February 5, 2010. *Id.* at 7. In his second claim, he asserts that the named Defendants, attorneys from the Alternative Defense Counsel, dislike him and have conspired to prevent Mr. Parrino from receiving a fair postconviction hearing in state court. Mr. Parrino requests that this Court review his Rule 35(c) motion, and order the Larimer County District Court to postpone the evidentiary hearing until this Court can enter a ruling on the merits of his motion.

However, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. **See Younger v. Harris**, 401 U.S. 37, 45 (1971); **Phelps v. Hamilton**, 59 F.3d 1058, 1063-64 (10th Cir. 1995). Abstention under **Younger** is jurisdictional in nature. **See, e.g., D.L. v. Unified Sch. Dist. No. 497**, 392 F.3d 1223, 1228 (10th Cir. 2004). If the three requirements are met, and no exceptions to **Younger** apply, a federal court must abstain from hearing the case. **See Weitzel v. Div. of Occupational & Prof'l Licensing**, 240 F.3d 871, 875 (10th Cir. 2001).

Abstention under *Younger* is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In the instant action, all three of these conditions are met. Mr. Parrino is involved in a state criminal proceeding that is ongoing, as evidenced by his pending Rule 35(c) motion in the Larimer County District Court. Second, Mr. Parrino has not demonstrated that the state court is not an adequate forum to hear his constitutional challenges to the handling of his postconviction motion by Defendants. Indeed, the state court proceeding offers Mr. Parrino a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would inescapably intrude on the potential for the state court to decide the same issues. Third, there are important state interests in allowing the Colorado state court to resolve the issues brought in Mr. Parrino's Rule 35(c) motion. *See, e.g., Haynes v. Walker*, 2009 WL 2055192 at *3 (D. Colo. July 13, 2009) (unpublished decision) (dismissing a state prisoner's complaint pursuant to *Younger* where the prisoner had a Rule 35(c) motion pending in Colorado state court).

Further, no exceptions to *Younger* exist in this case. To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064

(internal quotation marks omitted). Mr. Parrino does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

Finally, if Mr. Parrino's sentence and conviction are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the complaint and action are dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 402 U.S. 37 (1971).

DATED at Denver, Colorado, this 1st day of February, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00015-BNB

Michael S. Parrino
Prisoner No. 114094
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/1/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk